IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 10-cv-01960-PAB

NORTH AMERICAN COMPANY FOR
LIFE AND HEALTH INSURANCE,

    Plaintiff,

v.

LU CELIA KINARD,
CYNTHIA ROTHROCK KINARD,

    Defendants.
_____

ORDER
_____

    This matter is before the Court on plaintiff's ex parte motion for restraining order ("Motion for Restraining Order") [Docket No. 2] and motion for leave to deposit admitted liability ("Motion to Deposit") [Docket No. 3].

    Plaintiff commenced this action on August 17, 2010 by filing a Complaint for Interpleader Relief [Docket No. 1]. Plaintiff invokes 28 U.S.C. § 1335 as the basis for this Court's jurisdiction, alleging that plaintiff "has in its possession money or property of the value of $500 or more and the adverse claimants are of diverse citizenship as defined in 28 U.S.C. § 1332(a)(1)." Compl. at 2, ¶ 5; see 28 U.S.C. § 1335. The Court is satisfied, at this stage of the proceedings and pending any challenges to jurisdiction raised by defendants, that the provisions of 28 U.S.C. § 1335(a)(1) have been met.

    The Court's jurisdiction, however, is also dependent on the plaintiff's satisfaction of 28 U.S.C. § 1335(a)(2), which requires the plaintiff to "deposit[] such money . . . into

the registry of the court, there to abide the judgment of the court . . . ." In its Motion to Deposit, plaintiff seeks an order permitting such a deposit, as is required by D.C.COLO.LCivR. 67.2A. The Court is satisfied that the prerequisites for such an order have been met.

In its Motion for Restraining Order, plaintiff seeks an order restraining defendants "from instituting, prosecuting, or proceeding with any action in any State or United States Court or administrative tribunal affecting the life insurance proceeds" at issue in this matter. Motion for Restraining Order at 2; *see* 28 U.S.C. § 2361 ("In any civil action of interpleader or in the nature of interpleader under section 1335 of this title, a district court may issue its process for all claimants and enter its order restraining them from instituting or prosecuting any proceeding in any State or United States court affecting the property, instrument or obligation involved in the interpleader action until further order of the court. Such process and order shall be returnable at such time as the court or judge thereof directs, and shall be addressed to and served by the United States marshals for the respective districts where the claimants reside or may be found. . . ."). The issuance of a restraining order pursuant to § 2361 is not subject to Federal Rule of Civil Procedure 65. *See* Fed. R. Civ. P. 65(e)(2) ("These rules do not modify . . . 28 U.S.C. § 2361, which relates to preliminary injunctions in actions of interpleader or in the nature of interpleader. . . ."); *Star Ins. Co. v. Cedar Valley Express, LLC*, 273 F. Supp. 2d 38, 42 (D.D.C. 2002) ("A preliminary injunction may be issued without notice to the putative defendants in the action, for Fed. R. Civ. P. 65 does not modify Section 2361, which in turn provides for entry . . . of a preliminary injunction order at the same time as summons are issued by the court.") (citing, *inter alia*, *Holcomb v. Aetna Life Ins.*

*Co.*, 228 F.2d 75, 82 (10th Cir. 1955)). The Court "has extensive discretion under Section 2361 with regard to the issuance and the scope of the order." 7 Wright & Miller, *Federal Practice and Procedure* § 1717 (3d ed. 2010).

In support of the need for a restraining order, plaintiff contends, without more, that a "restraining order in this matter will protect the jurisdiction of this Court and will prevent a multiplicity of actions with respect to the proceeds payable under the [insurance policy at issue]." Motion for Restraining Order at 2, ¶ 5. Although empowered to issue a restraining order, the Court finds that the abstract possibility that the Court's jurisdiction will need protection or that a multiplicity of actions might ensue is an insufficient basis to issue a restraining order at this time. Plaintiff has identified no pending action nor any impending action. *Cf. Prudential Ins. Co. of America v. Shawver*, 208 F. Supp. 464, 470 (W.D. Mo. 1962) (noting that the inapplicability of Rule 65 to interpleader restraining orders "does not mean . . that the practice under Section 2361 should be without any notice and without provision for hearing in all cases" because "a restraining order issued ex parte may unknowingly cause uncompensable or irreparable injury to a defendant"). Furthermore, plaintiff has not conferred with the defendants regarding the subject of the motion. *See* D.C.COLO.LCivR. 7.1A. The results of such conferral could well reveal that there is no prospect of parallel actions.

For the foregoing reasons, it is

**ORDERED** that plaintiff's motion for leave to deposit admitted liability [Docket No. 3] is GRANTED. It is further

**ORDERED** that leave is given to North American Company for Life and Health

Insurance to deposit into the Registry of this Court its admitted liability in the amount of $409,926.19, including accrued interest.  The Clerk of the Court is directed to receive said sum, issue its receipt for same, and hold said sum pending further order of this Court.  It is further

**ORDERED** that the Clerk of the Court is further directed to deposit the aforesaid sum into an interest bearing account, in keeping with the Clerk's normal practice, pending further order of this Court.  No withdrawal from this deposit may be had without approval of this Court.  It is further

**ORDERED** that plaintiff's ex parte motion for restraining order [Docket No. 2] is DENIED.

DATED August 18, 2010.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge