IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 10-cv-01960-PAB-KMT

NORTH AMERICAN COMPANY FOR
LIFE AND HEALTH INSURANCE,

       Plaintiff,

v.

LU CELIA KINARD, and
CYNTHIA ROTHROCK KINARD,

       Defendants,

and

LU CELIA KINARD,

       Third-Party Plaintiff,

v.

CYNTHIA ROTHROCK KINARD, as Administratrix
of the Estate of Walter A. Kinard,

       Third-Party Defendant.

_____

**ORDER**

_____

This matter is before the Court on plaintiff's motion for entry of a final decree of

interpleader [Docket No. 42].  Lu Celia Kinard and Cynthia Rothrock Kinard, the only

other parties to this interpleader action, do not oppose the relief requested in the

motion.  *See* Docket Nos. 50, 57.  Being fully apprised of the motion's premises, the

Court concludes that plaintiff is entitled to be dismissed from this action and to receive

its attorney's fees.  *Cf. Transamerica Premier Ins. Co. v. Growney*, 70 F.3d 123 (table

op.), 1995 WL 675368, at *1 (10th Cir. Nov. 13, 1995) ("This court has recognized the 'common practice' of reimbursing an interpleader plaintiff's litigation costs out of the fund on deposit with the court.") (quoting *United States Fidelity & Guar. Co. v. Sidwell*, 525 F.2d 472, 475 (10th Cir. 1975)).

Plaintiff also requests that the Court enter final judgment on its interpleader claim.  Under Fed. R. Civ. P. 54(b), the district court may direct the entry of a final judgment as to one or more but fewer than all of the claims in a multiclaim case when "there is no just reason for delay."  Fed. R. Civ. P. 54(b).  However, to be a final judgment for purposes of Rule 54(b), the claims resolved must be "distinct and separable from the claims left unresolved."  *Okla. Turnpike Auth. v. Bruner*, 259 F.3d 1236, 1243 (10th Cir. 2001).  Claims are not separable if "the claim that is contended to be separate so overlaps the claim or claims that have been retained for trial that if the latter were to give rise to a separate appeal at the end of the case the [appeals] court would have to go over the same ground that it had covered in the first appeal."  *Jordan v. Pugh*, 425 F.3d 820, 827 (10th Cir. 2005) (quoting *Lawyers Title Ins. Corp. v. Dearborn Title Corp.*, 118 F.3d 1157, 1162 (7th Cir. 1997)).  Ultimately, the granting of a Rule 54(b) motion is left to the sound discretion of the trial court, which "must take into account judicial administrative interests as well as the equities involved."  *Curtiss-Wright Corp. v. Gen. Elec. Corp.*, 446 U.S. 1, 8 (1980).  Here, the Court finds, and no party contends otherwise, that the interpleader claim is completely separate from the remaining claims in this case.  Furthermore, the Court determines that there is "no just reason for delay" in entering final judgment on the interpleader claim.  Plaintiff has no

interest in the ongoing dispute between the other parties and should not have to await the final resolution of this matter to receive its fees.   Therefore, it is

ORDERED that the Motion for Entry of a Final Decree of Interpleader [Docket No. 42] of North American Company for Life and Health Insurance ("NACOLAH") is granted.  It is further

ORDERED that NACOLAH is dismissed from this action.  It is further

ORDERED that defendants Lu Celia Kinard and Cynthia Rothrock Kinard, and any person or entity claiming through them, are permanently restrained from proceeding with a claim in any forum against NACOLAH concerning the death benefit proceeds due or payable from NACOLAH under Policy No. L012501550 and insuring the life of Walter A. Kinard.  It is further

ORDERED that NACOLAH may recover its attorney's fees and costs, in the amount of $12,531.47, which shall be deducted and paid out of its total admitted liability, which is on deposit with the Registry of this Court.  It is further

ORDERED that, in accordance with the foregoing, final judgment shall enter on plaintiff's interpleader claim pursuant to Fed. R. Civ. P. 54(b).  It is further

ORDERED that the remaining parties shall be realigned in this action such that Lu Celia Kinard is now the plaintiff and Cynthia Rothrock Kinard, individually and as Administratrix of the Estate of Walter A. Kinard, is the defendant.

DATED April 21, 2011.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge