IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 10-cv-01960-PAB-KMT

LU CELIA KINARD,

    Plaintiff,

v.

CYNTHIA ROTHROCK KINARD, individually and
as Administratix of the Estate of Walter A. Kinard,

    Defendant.

_____

**ORDER**
_____

    This matter is before the Court on plaintiff's motion for a stay of state court proceedings [Docket No. 11], defendant's motion for reconsideration [Docket No. 37] of the Court's December 14, 2010 Minute Order [Docket No. 33] striking defendant's response to plaintiff's motion for a stay, and defendant's motion to stay this matter and defer to the state court proceedings [Docket No. 39]. This case arises out of a dispute over life insurance proceeds.

    Central to the parties' dispute are the terms of a Separation Agreement entered into between plaintiff and Walter A. Kinard, which was incorporated into a divorce decree entered by the District Court for Jefferson County, Colorado on October 24, 2002 in Case Number 01DR1719. *See* Docket No. 35-1 at 2. On July 22, 2010, defendant filed a motion in the Jefferson County case seeking to enforce the Separation Agreement, requesting relief that would potentially implicate the life insurance proceeds at issue here. *See* Docket No. 49-2. The aforementioned motions

in this case all concern this attempt by defendant to enforce the Separation Agreement in Case Number 01DR1719. Plaintiff avers, however, that the state court, having concluded that defendant had no standing, denied defendant's attempt to enforce the Separation Agreement. *See* Docket No. 49 at 3-4, ¶ 10; Docket No. 49-1. The parties identify no other ongoing state court proceedings for this Court to stay. Thus, the motion to stay is moot. Furthermore, defendant requests that this Court defer to the resolution by the state court in Case Number 01DR1719 of her motion to enforce the Separation Agreement. *See* Docket No. 39 at 3-4, ¶ 6; 5, ¶¶ 9, 11. As noted, however, the state court did not resolve the merits of the parties' dispute over the insurance proceedings. *See* Docket No. 49-1. Thus, there is no ruling to which to defer. Consequently, it is

**ORDERED** that plaintiff's motion for a stay of state court proceedings [Docket No. 11], defendant's motion for reconsideration [Docket No. 37], and defendant's motion to stay this matter and defer to the state court proceedings [Docket No. 39] are DENIED as moot.

DATED May 24, 2011.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge