IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 10-cv-01960-PAB-KMT

LU CELIA KINARD,

    Plaintiff,

v.

CYNTHIA ROTHROCK KINARD, individually and
as Administratrix of the Estate of Walter A. Kinard,

    Defendant.
_____

**ORDER**
_____

This matter is before the Court on the Emergency Motion for Ex Parte Stay [Docket No. 130] filed by defendant's former counsel, Rene' P. Koller.

The parties filed a Notice of Settlement [Docket No. 118] on March 2, 2012. On March 28, 2012, Ms. Koller filed a Notice of Claim and Attorney's Lien (the "Notice") [Docket No. 125] pursuant to Colo. Rev. Stat. § 12-5-119. The Notice indicated that Ms. Koller had an attorney's fee lien in the amount of $36,322.23 against any proceeds received by defendant in this case. On March 29, 2012, the parties filed a Stipulation Regarding Settlement, Dismissal of Action, and Request for Disbursement of Funds in the Registry of the Court [Docket No. 126]. Pursuant to the parties' stipulation, the Court ordered on March 30, 2012 [Docket No. 128], *inter alia*, that $352,394.72, plus accrued interest, less the Registry fee assessment as of the date of disbursement, be disbursed from the Registry of the Court to defendant within ten days and that the case be immediately closed.

Ms. Koller filed the present motion on April 5, 2012 requesting that the Court "issue a temporary ex parte Order of Stay to the Court Clerk on a portion of the Funds to be disbursed to Cynthia Kinard, in the amount of $72,970.00, pending an allowance of adequate time in which to consult with the attorney for Kinard and to file her mandatory supporting Affidavit of Attorney Fees and for an opportunity for briefing and/or hearing[.]" Docket No. 130 at 3.[1] Ms. Koller's motion will be denied for failure to comply with D.C.COLO.LCivR 7.1A, which provides that the "court will not consider any motion . . . unless counsel for the moving party . . ., before filing the motion, has conferred or made reasonable, good-faith efforts to confer with opposing counsel or a pro se party to resolve the disputed matter." Ms. Koller represents that, because she did not learn of the Court's March 30 order until April 2, 2012, she did not have sufficient time to confer with defendant. She fails to explain, however, why three days was insufficient time for her to comply with the conferral requirement.

Moreover, Ms. Koller does not explain why she did not file a motion seeking to reduce her lien to judgment before the Court's entry of its order of dismissal. Ms. Koller's March 28, 2012 "filing [of] a notice of an attorney's lien merely place[d] others on notice that the attorney claim[ed] an interest in the funds subject to the lien and [did] not constitute the commencement of a 'proper civil action' for the purpose of enforcing

---

[1]The Court is not entirely clear what Ms. Koller means by "ex parte" in light of the fact that she filed her motion without restriction. Defendant therefore has received notice of her request.

The Court further notes that Ms. Koller's representation of defendant terminated in May 2011 and the Court ruled in September 2011 that defendant was entitled to the lion's share of the amount held in the Registry of the Court, a ruling about which Ms. Koller was aware. It is therefore unclear why Ms. Koller requires any more time to compile the billing records necessary to support her request.

the lien." *Gold v. Duncan Ostrander & Dingess, P.C.*, 143 P.3d 1192, 1195 (Colo. App. 2006) (quoting Colo. Rev. Stat. § 12-5-119). Rather, Ms. Koller was empowered to enforce the lien by "bringing an independent action or filing a motion to reduce the lien to judgment in the civil action that gave rise to the lien claim." *Id.* at 1193. By waiting until after the Court's order dismissing this action and providing for the disbursement of funds to file her motion requesting enforcement of her lien upon such disbursement of funds, Ms. Koller failed to put her request before the Court at a time when it could be considered when disbursements were being determined. While she is entitled to seek enforcement of that lien in this Court after disbursement of the funds, *see Davis v. Kutak Rock, LLP*, No. 09-cv-02768-REB-MJW, 2012 WL 975836, at *2 (D. Colo. March 22, 2012), she fails to explain how the aforementioned circumstances justify an "emergency stay" of the Court's final order.[2]

For the foregoing reasons, it is

**ORDERED** that the Emergency Motion for Ex Parte Stay [Docket No. 130] is DENIED.

---

[2]As noted above, her former client, who has notice of the lien, will receive a disbursement far exceeding the amount of either lien amount stated in Ms. Koller's filings. The Court retains jurisdiction over enforcement of that lien, *see Davis*, 2012 WL 975836, at *2, and will be able to address Ms. Koller's motion for attorney's fees [Docket No. 130] once she files a certification of compliance with D.C.COLO.LCivR 7.1A and that motion has fully briefed.

DATED April 9, 2012.

                              BY THE COURT:

                              s/Philip A. Brimmer
                              PHILIP A. BRIMMER
                              United States District Judge