IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 10-cv-01960-PAB-KMT

LU CELIA KINARD,

        Plaintiff,

v.

CYNTHIA ROTHROCK KINARD, individually and
as Administratrix of the Estate of Walter A. Kinard,

        Defendant.

_____

**ORDER**
_____

This matter is before the Court on the Motion to Reduce Lien to Judgment and

Determine and Enforce Attorney Lien by Interested Party Attorney René P. Koller

[Docket No. 129].  The Court's jurisdiction is based on 28 U.S.C. § 1332.

The parties filed a Notice of Settlement [Docket No. 118] on March 2, 2012.  On

March 28, 2012, Ms. Koller filed a Notice of Claim and Attorney's Lien (the "Notice")

[Docket No. 125] pursuant to Colo. Rev. Stat. § 12-5-119.[1]  The Notice indicated that

Ms. Koller had an attorney's fee lien in the amount of $36,322.23 against any proceeds

received by defendant in this case.  On March 29, 2012, the parties filed a Stipulation

Regarding Settlement, Dismissal of Action, and Request for Disbursement of Funds in

the Registry of the Court [Docket No. 126].  Pursuant to the parties' stipulation, on

March 30, 2012, the Court ordered [Docket No. 128], *inter alia*, that $352,394.72, plus

---

[1] The following facts are drawn from the Court's April 9, 2012 Order [Docket No.
131] denying the Emergency Motion for Ex Party Stay [Docket No. 130] filed by Ms.
Koller.

accrued interest, less the Registry fee assessment as of the date of disbursement, be

disbursed from the Registry of the Court to defendant within ten days and that the case

be immediately closed.

On April 5, 2012, Ms. Koller filed a motion requesting that the Court "issue a

temporary ex parte Order of Stay to the Court Clerk on a portion of the Funds to be

disbursed to Cynthia Kinard, in the amount of $72,970.00, pending an allowance of

adequate time in which to consult with the attorney for Kinard and to file her mandatory

supporting Affidavit of Attorney Fees and for an opportunity for briefing and/or

hearing[.]"  Docket No. 130 at 3.  The Court denied Ms. Koller's motion for failure to

comply with D.C.COLO.LCivR 7.1A[2] and because she had not filed a motion seeking to

reduce her lien to judgment before the Court entered its order of dismissal.  Docket No.

131 at 2-3.

Also on April 5, 2012, Ms. Koller filed a motion requesting that the Court

"[d]etermine whether the amount asserted as a lien is proper, enforce her Attorney Lien

and reduce her fees to judgment."  Docket No. 129 at 4.  In the motion, Ms. Koller

states, without further explanation, that "[d]ue to the time constraints and forthwith

nature of filing this Motion," she was unable to confer with Ms. Kinard prior to filing this

motion.  Docket No. 129 at 2.  Ms. Koller also states that "[a]n Affidavit of Attorney Fees

itemizing the attorney fees and costs by Attorney Koller on behalf of Cynthia Kinard, et

---

[2] D.C.COLO.LCivR 7.1A states that "[t]he court will not consider any motion, other than a motion under Fed. R. Civ. P. 12 or 56, unless counsel for the moving party . . . before filing the motion, has conferred or made reasonable, good-faith efforts to confer with opposing counsel . . . to resolve the disputed matter.  The moving party shall state in the motion, or in a certificate attached to the motion, the specific efforts to comply with this rule."

al, will be filed as soon as practicable." Docket No. 129 at 4.  Although Ms. Koller's representation of defendant ended in May 2011, Docket No. 66, and the Court ruled in September 2011 that defendant was entitled to the majority of the amount held in the Registry of the Court, Docket No. 115, Ms. Koller has filed no such affidavit.

An attorney's lien attaches only "to the extent of the attorney's reasonable fees remaining due and unpaid." *Gold v. Duncan Ostrander & Dingess, P.C.*, 143 P.3d 1192, 1193 (Colo. App. 2006).  "[T]he burden of proof is upon the attorney who claims a lien for services to show that he or she comes within" Colo. Rev. Stat. § 12-5-119. *In re Marriage of Mitchell*, 55 P.3d 183, 185 (Colo. App. 2002).  The Court's role is to determine "whether the amount asserted as a lien is proper and what means should be used for enforcement of the lien." *In re Marriage of Shapard*, 129 P.3d 1007, 1009 (Colo. App. 2004) (citing *Gee v. Crabtree*, 192 Colo. 550, 551 (1977)).  The Court cannot determine whether the amount asserted is proper absent an evidentiary basis. *See Davis v. Kutak Rock, LLP*, 09-cv-02768-REB-MJW, 2012 WL 975836 at *3 (D. Colo. Mar. 22, 2012) (finding that "[t]he current record does not contain information sufficient for the court to determine the amount of reasonable attorney fees tied to [the attorney's] lien" and ordering the attorney "to file with the court a motion seeking a specific amount of reasonable attorney fees").  To ensure that attorneys seeking fees substantiate their requests, the local rules provide that "a motion for attorney fees shall be supported by one or more affidavits" and "shall include . . . 1. a detailed description of the services rendered, the amount of time spent, the hourly rate, and the total amount claimed; and 2. a summary of relevant qualifications and experience."

D.C.Colo.LCivR 54.3.

It appears that Ms. Koller was aware of this requirement as she assured the

Court that an affidavit itemizing her fees and costs was forthcoming.  Docket No. 129 at

4.  Ms. Koller has had adequate time to file an affidavit.  Absent such documentation,

the Court is unable to determine whether the fees Ms. Koller requests are indeed

"reasonable fees remaining due and unpaid," *see Gold*, 143 P.3d at 1193.  Accordingly,

it is

**ORDERED** that the Motion to Reduce Lien to Judgment and Determine and

Enforce Attorney Lien by Interested Party Attorney René P. Koller [Docket No. 129] is

DENIED.

DATED February 13, 2013.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge